IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | |
|---|---|
| Arthur J. Emanuele, III, an individual,<br><br>　　Plaintiff,<br><br>v.<br><br>MillerCoors, LLC, a Delaware limited liability company,<br><br>　　Defendants. | **CAUSE NO.  2:13-CV-00703**<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## IN ACTION FOR PATENT INFRINGEMENT

　　COMES NOW, Plaintiff Arthur J. Emanuele, III, and files his Complaint for Damages and Injunctive Relief in Action for Patent Infringement against Defendant MillerCoors, LLC, and in support thereof allege, as follows:

### PARTIES

　　1.　　Plaintiff Arthur J. Emanuele, III, is, and at all times material herein was, an individual residing in the State of Arizona.

　　2.　　Plaintiff is informed and believes, and based thereon alleges, that Defendant MillerCoors, LLC is, and at all times material herein was, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located in Chicago, Illinois.

### JURISDICTION AND VENUE

　　3.　　This is an action for violation of the patent laws of the United States, 35 U.S.C. §§1, *et seq.* Pursuant to 28 U.S.C. §§1331 and 1338, this Court has original jurisdiction over the subject matter of the herein action.

　　4.　　This Court has personal jurisdiction over Defendant in that it transacts business in

1 this District and/or has committed acts within this District giving rise to this action.

2     5.    Venue is proper in this District pursuant to 28 U.S.C. §§1391 and 1400(b) in that Defendant does business in this District, has committed acts of infringement in this District, and continues to commit acts of infringement in this District, entitling Plaintiff to the relief sought herein.

## FIRST CLAIM FOR RELIEF

### Infringement of Patent No. 8,397,935 B2

6. On March 19, 2013, U.S. Patent No. 8,397,935 B2 was duly and legally issued for an invention entitled "Vent Opening Mechanism" (hereinafter the "Patent"). Plaintiff is, and at all times material herein was, the owners of the Patent. Plaintiff is a co-filer and owner of the Patent. A true and correct copy of the Patent is attached hereto as **Exhibit "A"** and incorporated herein by this reference.

7. Defendant has infringed, and continues to infringe, the Patent by its manufacture, use, distribution, import, sale and/or offer for sale of its Miller Lite and Miller Genuine Draft "Punch Top Can" products and other products, and by its contributing to and inducement of others to manufacture, use, distribute, sell and/or offer for sale infringing products. Defendant's infringing acts will continue unless enjoined by this Court. Defendant is liable for infringement of the Patent pursuant to 35 U.S.C. §271.

8. Plaintiff is informed and believes, and based thereon alleges, that Defendant's infringement and/or continued infringement of the Patent, whether direct, contributory, and/or by inducement, has been, and continues to be, knowingly, willful, and/or objectively reckless. More specifically, Defendant's knowledge of the invention and willful infringement is evidenced by the following:

    a. In April 2010, Plaintiff entered into an agreement with an agent in the beverage industry, which agent works directly with Newlogic, an engineering and feasibility study firm in the industry. After Newlogic signed a nondisclosure and confidentiality agreement with Plaintiff, Plaintiff disclosed the subject invention and marketing plan for the beer industry. Defendant is, and was at all relevant

        times, a Newlogic client.  Plaintiff is informed and believes, and thereon alleges, that Newlogic disclosed Plaintiff's invention and marketing plan for the beer industry to Defendant.

    b. In June 2010, Plaintiff approached Ball Corporation, the company that provides the canning for Defendant's infringing products, and disclosed Plaintiff's invention and marketing plan for the beer industry.  While Ball Corporation initially requested additional information, its representatives later stated that the invention does not fit with their business plans.

    c. In August 2010, Plaintiff provided Defendant with a PowerPoint presentation showing the invention and marketing plan for the beer industry.

    d. In June 2011, Plaintiff again submitted the invention to Ball Corporation.  Ball Corporation requested additional information relating to the invention and marketing plan, which was then provided to it by email.  The same day it received the information, Ball Corporation stated that the invention does not fit with its business focus at the time.

    e. In May 2012, immediately after Defendant announced its infringing product, which was manufactured by Ball Corporation, Plaintiff contacted Andy England of Defendant, informing him that Defendant is infringing Plaintiff's patent.  Mr. England hung up the phone without responding.

    f. In April 2013, Plaintiff's counsel sent a cease and desist letter to Defendant's corporate counsel, Karen Ripley, enclosing a copy of the issued patent, again making Defendant aware of its infringement.

9. Defendant's acts of infringement, as set forth herein, have caused, and continue to cause, damage to Plaintiff, and Plaintiff is entitled to recover from Defendant's wrongful acts in an amount subject to proof at trial.  Defendant's infringement of the Patent will continue to damage Plaintiff, causing him irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court. Considering the balance of hardships between Plaintiff and Defendant, a permanent injunction is warranted.  The public interest will not be disserved by

entry of such an injunction. In fact, use of the Patent without enjoining Defendant from infringing the Patent will inevitably cause consumer confusion.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Arthur J. Emanuele, III, respectfully requests entry of judgment in his favor and against Defendant including the following:

1. For a finding that Defendant has infringed the Patent;
2. For a permanent injunction enjoining Defendant and its subsidiaries, joint venturers, agents, servants, officers, directors, and employees, and all persons acting under, in concert with, or for Defendant from further infringement, contributory infringement and/or inducing infringement of the Patent;
3. For an award of damages arising out of Defendant's infringement of the Patent, adequate to compensate Plaintiff for the infringing act(s), but in no event less than a reasonable royalty for the use made of the inventions of the Patent as provided in 35 U.S.C. §284;
4. For an award of treble damages pursuant to 35 U.S.C. §284;
5. For a finding that this case is an exceptional case, and for an award of reasonable attorney's fees to Plaintiff pursuant to 35 U.S.C. §285 and/or as otherwise permitted by law;
6. For an award of pre-judgment and post-judgment interest in amounts according to proof at trial;
7. For costs of suit incurred herein; and

///
///
///
///
///

**COMPLAINT**

1     8. For such other and further relief as the Court deems just and proper.

Dated:  September 11, 2013                                **OMNI LAW GROUP, LLP**

                                          By:    */s/ Trevor J. Zink*
                                                 TREVOR J. ZINK, ESQ.
                                                 Lead Counsel
                                                 Cal. State Bar No. 218860
                                                 Email: tzink@omnillp.com
                                                 OMNI LAW GROUP, LLP
                                                 1500 E. Hamilton Ave., Suite 202
                                                 Campbell, CA 95008
                                                 Telephone: (408) 879-8500
                                                 Facsimile: (408) 879-8501

                                                 Attorneys for Plaintiff
                                                 Arthur J. Emanuele, III